# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| AMY THOMAS-LAWSON, individually and on behalf of all others similarly situated, | * * * * |
| Plaintiff, | * |
| v. | * Civil Case No. SAG-19-3031 |
| KOONS FORD OF BALTIMORE, INC., | * * * |
| Defendant. | * * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Amy Thomas-Lawson ("Plaintiff") filed an Amended Class Action Complaint (the "Complaint") against Defendant Koons Ford of Baltimore, Inc. ("Koons" or "Defendant"), alleging violations of the Telephone Consumer Protection Act ("TCPA"). ECF 18. Koons filed a Motion to Dismiss, ECF 20, with a supporting memorandum of law, ECF 20-1. (collectively, the "Motion"). The parties then proceeded to file a series of oppositions, replies, surreplies, and supplemental filings. ECF 21, 23, 28, 31, 32. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, the Motion will be granted, and Plaintiff's claims will be dismissed without prejudice.

### I. FACTUAL BACKGROUND

The facts below are derived from the Complaint and taken in the light most favorable to Plaintiff, the non-moving party. On or about February 18, 2019, Koons sent a text message to Plaintiff's cellular telephone, which read:

> Amy, Its [sic] been 5 months since your last vehicle maintenance and our records show that your [sic] due, please click here: https://www.koonsfordbaltimore.com/schedule-appointment.htm to schedule an appointment or text us back with a date that works best for you – Koons Koons Baltimore Ford.

1

ECF 18 ¶¶ 26-27. Plaintiff further alleges that between February, 2019 and July 23, 2019, she received "numerous" phone calls and voicemails from Koons to her cellular telephone number, which "contained telemarketing solicitations regarding vehicle sales and maintenance offers." *Id.* ¶¶ 32, 34. Plaintiff received these calls despite the fact that, "Plaintiff has been registered with the national do-not-call registry since 2016." *Id.* ¶ 38.

> With respect to the technology used to call Plaintiff, the Complaint alleges:
>
> Upon information and belief, Defendant utilized a combination of hardware and software systems to make the calls at issue in this case provided by third-party, Twilio. The systems utilized by Defendant have the current capacity or present ability to generate or store random or sequential numbers or to dial sequentially or randomly at the time the call is made, and to dial such numbers, *en masse,* in an automated fashion without human intervention.

*Id.* ¶ 33. Plaintiff did not give Koons her express written consent to be contacted using an automated telephone dialing system ("ATDS"). *Id.* ¶ 36.

The Complaint alleges that "the Twilio platform" has the capacity to store telephone numbers, generate sequential numbers, dial numbers in sequential order, dial numbers from a list of numbers, and dial numbers without human intervention. *Id.* ¶¶ 44–48. The Complaint further alleges that, "To transmit the test messages at issue, Defendant uploaded a list of telephone numbers, which are stored indefinitely by the Twilio platform." *Id.* ¶ 51. The Complaint then explains at length the technological processes for the Twilio platform to send a text message. *Id.* ¶ 51–57 ("The Twilio platform automatically executed Defendant's instructions as follows"). Plaintiff alleges that, as a consequence of Defendants' communications, she wasted some of her own time, including ten minutes determining how to opt out of further communications, and twenty minutes attempting to stop the solicitations altogether. *Id.* ¶¶ 61–63. No allegations in the Complaint explain the process by which the Twilio platform made or executed "robocalls."

## II.　LEGAL STANDARD FOR RULE 12(b)(6) and Rule 12(b)(1) MOTION

Koons seeks dismissal of each claim under Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1). ECF 20. First, under Rule 12(b)(6), a defendant may test the legal sufficiency of a complaint by way of a motion to dismiss. *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), aff'd sub nom., *McBurney v. Young*, 569 U.S. 221, 133 S.Ct. 1709, 185 L.Ed.2d 758 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974; *see Ashcroft v. Iqbal,* 556 U.S. 662, 684, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' ...."); see also *Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964. Moreover, federal pleading rules "do not countenance dismissal of a

complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 135 S.Ct. 346, 346, 190 L.Ed.2d 309 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if ... [the] actual proof of those facts is improbable and ... recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.,* 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). A court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). Ultimately, "[a] court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), cert. denied, 566 U.S. 937, 132 S.Ct. 1960, 182 L.Ed.2d 772 (2012).

Courts generally do not "'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses'" through a Rule 12(b)(6) motion. *Edwards*, 178 F.3d at 243 (quoting *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). However, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan*, 553 F.3d 334, 336 (4th Cir. 2009). Because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies ... if all facts necessary to the affirmative defense 'clearly appear[ ] on the face of the complaint.'" *Goodman*, 494 F.3d at 464 (quoting *Forst*, 4 F.3d at 250).

Second, when a Rule 12(b)(1) motion contests the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction rests with the plaintiff. *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. *Id.*; *see also White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 459 (4th Cir. 2005) ("[W]hen a defendant raises standing as the basis for a motion under Rule 12(b)(1) to dismiss for lack of subject matter jurisdiction," the court "may consider evidence outside the pleadings without converting the proceedings to one for summary judgment."). A district court should grant a motion to dismiss for lack of subject matter jurisdiction "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Morgan Stanley v. NIRAV BABU*, 2020 WL 1331995, at *3 (D. Md. Mar. 23, 2020)

(quoting *Upstate Forever v. Kinder Morgan Energy Partners, L.P.*, 887 F.3d 637, 645 (4th Cir. 2018)).

## III. ANALYSIS

Koons raises a series of deficiencies with Plaintiff's Amended Class Action Complaint.[1] Each is addressed below.

### A. Failure to Plead An ATDS

The relevant provision of the TCPA proscribes "mak[ing] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system ["ATDS"] . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). The statute defines ATDS as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *Id.* § 227(a)(1).

Any plaintiff attempting to state a claim under the TCPA operates at a distinct factual disadvantage because, pre-discovery, they often lack evidence of the exact technology used by a defendant to engage in a telemarketing communication. However, courts have consistently determined that, in order to state a claim, plaintiffs must allege some facts permitting an inference that an ATDS was used to transmit the communications at issue. *See, e.g.*, *Snow v. Gen. Elec. Co.*, Civil No. 5:18-CV-511-FL, 2019 WL 2500407, at *4-6 (E.D.N.C. June 14, 2019) (dismissing the

---

[1] A motion for class certification has not yet been filed in this case. Adjudication of Koons's motion to dismiss before consideration of class certification will better serve judicial economy and will prevent needless expenditure of time and financial resources by the parties. *See Sprye v. Ace Motor Acceptance Corp.,* Civil No. PX-16-3064, 2017 WL 1684619, at *3 (D. Md. May 3, 2017) ("[N]othing explicit in Rule 23. . . requires a determination on class certification prior to decisions on other motions.") Thus, Koons's Motion will be adjudicated as if the claims in question were brought by Plaintiff individually, not as a member of a class. *See Partington v. Am. Int'l Specialty Lines Inc. Co.,* 443 F.3d 334, 340 (4th Cir. 2006) (noting that the rights of putative class members can only be adjudicated once a class has been certified).

TCPA claim where the text messages were intended for an individual previously assigned the plaintiff's telephone number and thus "did not reach [plaintiff] randomly"); *Dominguez v. Yahoo, Inc.,* 894 F.3d 116, 121 (3d Cir. 2019) (stating "messages were sent precisely because the prior owner of [plaintiff's] telephone number had affirmatively opted to receive them, not because of random number generation. The TCPA's prohibition on autodialers is therefore not the proper means of redress."). Similar to those cases, the allegations in the Complaint indicate that the text message, at least, was sent to Plaintiff because of her prior business interactions with Koons, not because of random number generation. *See* ECF 18 ¶ 27 (referring to Plaintiff's previous appointment with Koons). Even with respect to the telephone contacts and voicemails Plaintiff generally alleges she received on an unspecified number of occasions, Plaintiff does not allege any facts suggesting that her number was autodialed. *Compare Sprye v. Ace Motor Acceptance Corp.,* No. PX-16-3064, 2017 WL 1684619, at *5 (D. Md. May 3, 2017) (plaintiff's allegations were "nothing more than a formulaic recitation of the" TCPA), and *Worsham v. Travel Options, Inc.,* No. JKB-14-2749, 2016 WL 4592373, at *6 (D. Md. Sept. 2, 2016), *aff'd*, 678 F. App'x 165 (4th Cir. 2017) (dismissing claim where complaint only included "bare, conclusional allegations" that defendants used an ATDS), *with Boger v. Citrix Systems, Inc.,* Civil No. 19-1234-PX, 2020 WL 1033566, at *3 (D. Md. Mar. 3, 2020) (denying motion to dismiss where plaintiff heard "a distinctive pause before sales representatives came onto the line that was indicative of the use of a predictive dialer," and expressly accused the defendant of using an ATDS, after which the defendant representative did not deny it and, in fact, stated that he did not know how a call to a cell phone number "got through"); *Wilson v. PL Phase One Ops. L.P.,* Civil No. DKC-18-3285, 2019 WL 4735483, at *5 (D. Md. Sept. 27, 2019) (allowing claim where "repeated and incessant" text messages were sent to Plaintiffs over three years using software "programmed randomly to

7

select phone numbers from [files uploaded by employees] for advertising campaigns and to automatically send the relevant text messages to those cell phones"). The Complaint does not elucidate allegations comparable to those made by the respective plaintiffs in *Wilson* and *Boger.*

Somewhat inexplicably, Plaintiff argues that her Complaint illustrates that Koons used an ATDS because of "the transmission of impersonal and generic text messages, a hallmark of automated messages." ECF 21 at 2. In fact, the single text message included in her Complaint is the exact opposite. It is highly personalized and not generic. It includes Plaintiff's first name, and specific information about her vehicle service records and maintenance history. ECF 18 ¶ 27. Moreover, although the Complaint alleges functionalities of certain text messaging equipment, it alleges no factual basis for Plaintiff's assertion that Koons used that "Twilio" equipment to send the single text message to her phone. Plaintiff's factual allegations with respect to the mechanism by which she received the telephone calls and voice messages are even more sparse. Plaintiff has not even pled whether the calls or messages she received involved a human or robotic speaker, and alleges no facts on which to rest a plausible claim that her number was dialed automatically.

In the absence of any such factual predicate, this Court need not wade into the legal waters yet uncharted by the United States Court of Appeals for the Fourth Circuit, *e.g.*, determining (1) whether a system capable of randomly or sequentially dialing telephone numbers constitutes an ATDS, even where those features are not used, and (2) whether a device capable of dialing stored numbers without human intervention (even if it lacks the capability to randomly generate such numbers) is an ATDS under the definition of the TCPA. The various Circuit Courts that have considered those issues have reached divergent conclusions. *See, e.g.*, *Glasser v. Hilton Grand Vacations Co, LLC,* 948 F.3d 1301, 1304–05 (11th Cir. 2020) ("Because neither phone system used randomly or sequentially generated numbers and because the phone system in Glasser's

8

appeal required human intervention and thus was not an auto-dialer, the Act does not cover them."); *Marks v. Crunch San Diego, LLC,* 904 F.3d 1041, 1051 (9th Cir. 2018) ("[T]he statutory definition of ATDS is not limited to devices with the capacity to call numbers produced by a 'random or sequential number generator' but also includes devices with the capacity to dial stored numbers automatically."). Here, the bald and conclusory facts alleged by Plaintiff do not suggest that Koons used an automatic system of any sort, thus her claims in Counts I and II, which are premised on the unlawful use of an ATDS, will be dismissed without prejudice.

### B. Failure to Plead an Actionable Telephone Solicitation

Koons contends that the Complaint has not pled an actionable "telephone solicitation" as required to allege Plaintiff's claim in Count III. ECF 20-1 at 9–10. That Count alleges a violation of 47 C.F.R. § 64.1200(c), which prohibits the initiation of a "telephone solicitation . . . to [a] residential telephone subscriber who has registered his or her telephone number on the national do-not call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government." ECF 18 ¶¶ 92–93. The TCPA expressly excludes, from its definition of "telephone solicitation," a call or message "to any person with whom the caller has an established business relationship." 47 U.S.C. § 227(a)(4). "Established business relationship" is defined as "a prior or existing relationship formed by a voluntary two-way communication . . . on the basis of the subscriber's purchase or transaction with the entity within the eighteen (18) months immediately preceding the date of the telephone call." 47 C.F.R. § 64.1200(f)(5).

The allegations on the face of the Complaint demonstrate the existence of an established business relationship, as defined in the statute. The text message, which is included by photograph in Paragraph 27, is addressed to Plaintiff by her first name, acknowledges records of their past vehicle maintenance transactions, and reflects that the most recent transaction occurred only five

9

months ago. The Complaint does not allege that Plaintiff and Koons lacked an established business relationship, nor that the details provided in Koons's text message are erroneous.

Thus, if the lack of an established business relationship is deemed an element of the offense that Plaintiff must plead, she has failed to meet that standard. And even if the presence of an established business relationship is construed as an affirmative defense to Plaintiff's claim, *see* ECF 21 at 9, this is one of "the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint" and "the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc). As pled, then, Plaintiff's claims in Count III must be dismissed without prejudice.

### C. Failure to Plead that the Telephone Number was Registered on the Do Not Call List

As noted above, to establish the violation alleged in Count III, Plaintiff must allege that the telephone number Koons called was registered on the national do-not-call registry. Instead, Paragraph 38 of the Complaint somewhat cryptically alleges, "Plaintiff has been registered with the national due-not-call registry since 2016." ECF 18. The Complaint does not specifically allege whether the telephone number Koons called appeared on the registry. Accordingly, dismissal of Count III without prejudice is appropriate on this additional basis. Plaintiff may file an Amended Complaint in order to remedy this pleading deficiency as well, if she is able to do so.

### D. Plaintiff's Standing Under Fed. R. Civ. Proc. 12(b)(1)

In addition to its Rule 12(b)(6) motion, Koons alternatively contends that Plaintiff lacks standing to assert her text message claim under Federal Rule of Civil Procedure 12(b)(1). ECF 20-1 at 12–16. Koons relies largely on a relatively recent case decided by the United States Court of Appeals for the Eleventh Circuit, *Salcedo v. Hanna,* 936 F.3d 1162, 1165 (11th Cir. 2019). In *Salcedo,* the Eleventh Circuit decided that receipt of a single unsolicited text message, while an

annoyance, does not amount to a "concrete injury in fact that establishes standing to sue in federal court." *Id.*

In response, Plaintiff first intimates that she received multiple text messages. *See, e.g.,* ECF 21 at 19. Despite her intermittent use of the plural word "messages" instead of "message" in the Complaint, the Complaint only includes well-pleaded facts alleging a single text message being sent. Indeed, since Plaintiff provided the image of this text message, the omission of other messages suggests that it was the only message sent by Koons.

Nevertheless, this Court not need determine whether it agrees with the reasoning of *Salcedo,* or whether this case better aligns with other case law finding that allegations of relatively limited text messaging is sufficient to satisfy the contours of Article III standing. *See, e.g., Van Patten v. Vertical Fitness Grp., LLC,* 847 F.3d 1037, 1043 (9th Cir. 2017) (finding plaintiff had standing in a case involving two text messages). Because, as discussed above, Plaintiff has not alleged plausible facts to state a viable TCPA claim under any of her legal theories, her Complaint will be dismissed without prejudice. To the extent Plaintiff seeks leave to file an amended complaint within the time allowed by the Court, she should incorporate more precise factual allegations establishing the number of text messages she received from Koons, which will permit this Court to assess the merits of Koons's standing argument with a clearer factual predicate.

## IV. CONCLUSION

For the reasons set forth above, Koons's Motion to Dismiss, ECF 20, will be GRANTED. Plaintiff's Amended Class Action Complaint will be dismissed without prejudice. Plaintiff may seek leave to amend her claims within forty-five days of this Memorandum Opinion and Order. A separate Order follows.

Dated: April 6, 2020

/s/
Stephanie A. Gallagher
United States District Judge